IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FERMIN SOLIS ANIEL, an individual;
ERLINDA ABIBAS ANIEL, an individual;
and MARC JASON ANIEL, an individual,

    Plaintiffs,

  v.

TD SERVICE COMPANY, a California
Company, *et al.*,

    Defendant.
                                      /

No. C 10-05323 WHA

**ORDER PARTIALLY
GRANTING MOTIONS
TO DISMISS AND
REMANDING ACTION**

**INTRODUCTION**

Defendants removed this foreclosure dispute from state court based on federal-question jurisdiction. Plaintiffs now move to remand, and defendants (through two different motions — one filed by defendant McCarthy & Holthus, LLP, and one filed jointly by a group of other defendants) move to dismiss. This order denies plaintiffs' motion to remand and grants defendants' motion to dismiss plaintiffs' claim for violation of the Fair Debt Collection Practices Act (FDCPA). Having dismissed the only claim arising under federal law, this order then finds a lack of subject-matter jurisdiction over the remaining claims and remands the action on that basis.

The previous order that no defendant in this action may schedule a sale of the subject property without giving plaintiffs at least three weeks' notice shall remain in effect until seven

calendar days after the remand reaches the state court, in order to preserve the status quo long enough for the state court to rule on any renewed temporary restraining order motion.

**STATEMENT**

*Pro se* plaintiffs filed the complaint in this action on November 5, 2010, in the California state superior court in San Francisco. Plaintiffs seek to invalidate nonjudicial foreclosure proceedings that were initiated after plaintiffs admittedly defaulted on a mortgage loan. The complaint names seven defendants and alleges seven causes of action: (1) violation of the federal FDCPA; (2) violation of California's Rosenthal Act; (3) fraud; (4) wrongful foreclosure; (5) negligence; (6) injunctive relief; and (7) quiet title. This action concerns real property located in San Francisco that plaintiffs have rented to tenants since 1981; plaintiffs do not themselves live in the subject property (Compl. ¶ 4). The mortgage loan and deed of trust that form the basis for this action were executed in 2007 (*ibid.* ¶ 18).

On November 23, 2010, a group of defendants removed the action to this Court based on federal question jurisdiction, stating that the complaint alleged "violations of a federal statute, the Fair Debt and Collection Practices Act, 15 U.S.C. § 1692" (Dkt. No. 1 at 2–3). This is the second time these *pro se* plaintiffs have found themselves voicing their foreclosure grievances to this Court.

On July 21, 2010, plaintiffs filed a complaint in this district stating claims for relief analogous to the causes of action asserted in the instant action. That earlier action (No. C 10-03185 JSW) was assigned to the honorable Judge White, who immediately issued an order to show cause why the case should not be dismissed for lack of subject-matter jurisdiction. The show-cause order noted that "Plaintiffs premise jurisdiction in this Court on the alleged violations of the Fair Debt Collection Practices Act" and expressed doubt as to whether plaintiffs could state a claim under this federal act based on the facts alleged in their complaint (Dkt. 10-03185 No. 6 at 1–2). As in the instant action, the FDCPA claim was the only claim arising under federal laws. Plaintiffs responded to the show-cause order on August 5, 2010 (Dkt. 10-03185 No. 16). Having considered plaintiffs' response, Judge White dismissed the action for lack of subject-matter jurisdiction on August 9 (Dkt. 10-03185 No. 10).

In his order dismissing the earlier action, Judge White found that "Plaintiffs have not alleged facts demonstrating that Defendants are attempting to collect a 'debt' under the FDCPA" (Dkt. 10-03185 No. 10 at 2). Based on this finding, Judge White ruled:

> Because Plaintiffs have not, and based on the allegations in the Complaint could not, state a viable claim under the FDCPA, that claim is dismissed with prejudice. The Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims and those claims are dismissed without prejudice to pursuing them in state court.

(*ibid.* at 2–3). This order should have signaled to plaintiffs that they had no claim under the FDCPA but that all the other claims might be re-filed in state court. Based on a misunderstanding of Judge White's dismissal order, however, plaintiffs re-filed essentially *all* of their claims in state court, including the unviable FDCPA claim that Judge White had dismissed with prejudice. That state court complaint is the one now operative in this action.

The three instant motions have a lengthy procedural history. Plaintiffs' motion to remand, in particular, has a tortuous past. Within a week of removal, and before the action was assigned to a district judge, plaintiffs filed a motion to remand (Dkt No. 6). This motion was terminated on December 2 when the case was assigned to the undersigned judge. The following day, plaintiffs re-filed their motion to remand, this time styled as an "emergency" motion. This emergency motion stated that the subject property was scheduled to be sold at a trustee sale on December 8. Based on plaintiffs' belief that Judge White's dismissal order barred this Court from exercising jurisdiction over their new complaint under the doctrine of res judicata, the emergency motion to remand sought an opportunity to obtain a state court order stopping the sale (Dkt. No. 15). An order that issued within hours of this emergency filing deemed it a motion for a temporary restraining order against the December 8 sale and scheduled a hearing on the motion for December 7 (Dkt. No. 18). Certain defendants filed an opposition to this motion on December 6, the day before the hearing (Dkt. No. 21). After conducting the hearing and considering all relevant submissions, the undersigned judge denied plaintiffs' motion for a temporary restraining order, noting that the trustee sale no longer was scheduled to go forward on December 8 (Dkt. No. 23).

3

The order denying plaintiffs' motion for a temporary restraining order also set a January 13 hearing date and an expedited briefing schedule for plaintiffs' motion to remand and for defendants' then-pending motions to dismiss. (Defendant McCarthy's motion to dismiss had been filed on December 9; the joint motion to dismiss had been filed on November 30, before the case was assigned to the undersigned judge, and was re-noticed on December 9.) Additionally, the order setting the January 13 hearing ruled that during the period before the January 13 hearing, "no defendant in this action may schedule a sale of the subject property without giving plaintiffs at least three weeks' notice" (Dkt. No. 23 at 2).

A hearing on all three motions was duly held on January 13. With the exception of plaintiffs' failure to file a reply in support of their motion to remand, all three motions were fully briefed before the hearing.

**ANALYSIS**

Plaintiffs' motion to remand precedes defendants' motions to dismiss both logically and chronologically. It therefore will be addressed first.

**1.    Plaintiffs' Motion to Remand**

Plaintiffs move for remand of this action back to state court, based on a lack of subject-matter jurisdiction allegedly dictated by a res judicata preclusive effect of Judge White's order dismissing the earlier action. In support of their motion, plaintiffs request that judicial notice be taken of the show-cause order, dismissal order, and judgment entered by Judge White in the earlier action. Because these documents are matters of public record, this request for judicial notice is **GRANTED**. Fed. R. Evid. 201; *United States ex rel. Robinson Rancheria Citizens Council v. Borneo*, 971 F.2d 244, 248 (9th Cir 1992).

Contrary to plaintiffs' assertions, federal subject-matter jurisdiction does exist over this action as filed in state court. The action was removed based on federal-question jurisdiction because the complaint alleged "violations of a federal statute, the Fair Debt and Collection Practices Act, 15 U.S.C. § 1692" (Dkt. No. 1 at 2–3). Since the FDCPA claim arises under federal law, federal subject-matter jurisdiction exists over the action in the form of federal-question jurisdiction; removal was proper. 28 U.S.C. 1331, 1441(b).

4

1    Plaintiffs' motion to remand for lack of subject-matter jurisdiction is based on
2 misunderstandings of both the holding of Judge White's dismissal order in the earlier action and
3 the doctrine of res judicata. The dismissal order dismissed plaintiffs' federal FDCPA claim for
4 failure to state a claim based on the alleged facts, and then declined to exercise supplemental
5 jurisdiction over the remaining claims, all of which arose under state or common law. The
6 FDCPA claim was "dismissed with prejudice," and the other claims were "dismissed without
7 prejudice to pursuing them in state court" (Dkt. 10-03185 No. 10 at 2–3). Plaintiffs interpret the
8 order as ruling "that Plaintiffs could not bring their FDCPA claim to federal court" and implying
9 that the FDCPA claim could be brought only in state court (Br. 2). Not so. Judge White's order
10 ruled that plaintiffs could not bring their FDCPA claim *at all* based on the alleged facts, and that
11 *the other claims* belonged in state court. Plaintiffs' motion to remand is **DENIED**.

### 2. Defendants' Motions to Dismiss

13    Various defendants, in two different motions, move to dismiss the action or portions of it
14 for failure to state a claim pursuant to FRCP 12(b)(6). In light of the procedural history, this
15 dismissal analysis begins with the only federal claim in the action — the claim for violation of
16 the FDCPA.

17    Plaintiffs' FDCPA claim already was dismissed *with prejudice* in the previous federal
18 action, meaning it could not be brought based on the alleged facts. The facts alleged in the
19 current complaint are not materially different from those in the earlier action, so the instant
20 FDCPA claim remains barred.

21    Moreover, the undersigned judge agrees with Judge White that an FDCPA claim cannot
22 be stated on the current facts. The FDCPA applies to consumer debts, which it defines as "any
23 obligation or alleged obligation of a consumer to pay money arising out of a transaction in which
24 the money, property, insurance, or services which are the subject of the transaction are primarily
25 for personal, family, or household purposes." 15 U.S.C. 1692a(5). This action arises out of a
26 mortgage loan on a rental property, and that loan is not a "debt" covered by the FDCPA. The
27 loan money and rental property that are the "subject" of the transaction giving rise to plaintiffs'
28 obligation to pay money were not "primarily for personal, family, or household purposes"; the

loan money was used to pay for real property, which in turn was rented to tenants. Plaintiffs' opposition to the joint motion to dismiss alleges that "[m]any of the tenants in that property are relatives of the Plaintiffs," but this statement is not in the complaint and does not suggest that the tenants are "primarily" family members (Opp. 17). Based on the present complaint and briefing, neither the mortgage loan nor the rental property at issue can be said to have been used "primarily" for purposes related to plaintiffs' family, household, or personal needs.

Plaintiffs' opposition argues that defendants have not established that the mortgage loan in question was a "business loan" (Opp. 17–18). Defendants, however, need not prove this characterization in order to show that the FDCPA does not apply. All that is necessary is a finding that the mortgage loan on which this action is based is not a "debt" covered by the FDCPA because the money and property involved were not used "primarily for personal, family, or household purposes." This order, like Judge White's dismissal order, makes that finding. Plaintiffs' failed and improper FDCPA claim, which should not have been included in this action to begin with, is **DISMISSED**.

*          *          *

In an action that has been removed from state court to federal court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. 1447(c). Defendants removed this action from state court to federal court based on federal question jurisdiction, because plaintiffs' FDCPA claim arises under federal law. Having dismissed that federal claim, this order finds that federal question jurisdiction no longer is present, because all claims remaining in the action arise under state or common law. This order also finds that diversity jurisdiction is not present; the complete diversity requirement is not met, because based on the complaint, at least defendants McCarthy & Holthus, LLP (whose principal place of business is San Diego, California) and T.D. Service Company (which is incorporated in California) are residents of the same state in which plaintiffs reside — California. 28 U.S.C. 1332; *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005).

Because this Court lacks subject-matter jurisdiction over the remaining claims, the action is **REMANDED** back to the California state court in San Francisco. In light of this remand,

6

defendants' motions to dismiss and the associated requests for judicial notice are **DENIED AS MOOT** to the extent this order has not already ruled on them.

## CONCLUSION

The first time these *pro se* plaintiffs filed their grievances in this Court, Judge White attempted to convey to them that their federal claim under the FDCPA was no good, but that all of their other claims (which were based on state or common law) could be brought in state court. Based on a misunderstanding of Judge White's order, plaintiffs then filed an analogue to their entire first complaint — including the federal FDCPA claim as well as state and common law claims — in state court. Defendants properly removed that action to this Court. Like Judge White, however, the undersigned judge finds that plaintiffs fail to state a claim under the FDCPA and that this Court lacks jurisdiction over the remaining state and common law claims.

Defendants' request for judicial notice in support of their motion to remand is **GRANTED**. Defendants' motion to remand is **DENIED**. The FDCPA claim is **DISMISSED WITH PREJUDICE**. Having dismissed the only claim arising under federal law, this order finds a lack of subject-matter jurisdiction over the remaining claims. The action is **REMANDED** to the Superior Court of the State of California in and for the City and County of San Francisco. To the extent not already addressed herein, defendants' motions to dismiss and the associated requests for judicial notice are **DENIED AS MOOT**.

The previous order that no defendant in this action may schedule a sale of the subject property without giving plaintiffs at least three weeks' notice shall remain in effect until the later of **JANUARY 29, 2011** or **SEVEN CALENDAR DAYS** after the remand reaches the state court, in order to preserve the status quo long enough for the state court to rule on any renewed temporary restraining order motion.

**IT IS SO ORDERED.**

Dated: January 13, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE